IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KAMETRA BARBOUR, Individually and and as Next Friend of Jane Doe, a Minor, John Doe, a Minor, Jane Doe 2, a Minor, and Jane Doe 3, a Minor, | § § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:15-cv-90-B |
| CITY OF FORNEY, | § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendants City of Forney and John Roes 1-4, sued in their individual capacities (collectively, "Defendants"), have filed a Motion to Strike or, in the Alternative, Rule 12(e) Motion for More Definitive Statement in Response to Plaintiffs' Second Amended Complaint, *see* Dkt. No. 35, which United States District Judge Jane Boyle has referred to the undersigned United States magistrate judge, *see* Dkt. No. 36. Plaintiff Kametra Barbour did not file a written response, and her time to do so has passed. *See* N.D. TEX. L. CIV. R. 7.1(e). The undersigned now issues the following findings of fact, conclusions of law, and recommendation.

**Background**

According to Plaintiff's pleadings, on August 10, 2014, City of Forney police officers responded to a 911 call about a tan or beige Toyota occupied by four black males that was being driven recklessly, with one of the men waving a gun outside a

window. The officers stopped Plaintiff, an African-American woman accompanied by four minor children, who was driving a burgundy Nissan Maxima. Plaintiff was placed in handcuffs and temporarily detained and then released after a brief search revealed that the officers had stopped the wrong car.

On September 8, 2015, Plaintiff, individually and as next friend of the four minor children, filed her Second Amended Complaint in which she sued the City of Forney (the "City") and John Roes 1-4 (the police officers) in their individual capacities. Plaintiff asserted claims against the John Roe Defendants for violation of 42 U.S.C. § 1983 and against both the City of Forney and the John Roe Defendants for common law negligence in violation of the Texas Tort Claims Act and sought actual and exemplary damages. *See* Dkt. Nos. 31 & 32

Defendants move to strike Count II, the common law negligence claim. *See* Dkt. No. 35. They assert that, even though the Second Amended Complaint clarifies which Defendants the negligence claim is asserted against, Defendants cannot reasonably prepare a response because the two new paragraphs under Count II make Plaintiff's theory of negligence more vague and convoluted that it was before. *See id.*

This is the third Rule 12(e) motion for more definite statement filed by Defendants. *See* Dkt. Nos. 9, 25, & 35. Defendants argue that Plaintiff should not be given another opportunity to plead a negligence claim. Defendants argue that the Court should instead strike the negligence claim asserted in Count II because Plaintiff's Second Amended Complaint fails to provide a more definite statement of her negligence claim. Defendants request, in the alternative, that Plaintiff again be

required to provide a more definite statement of the legal theories asserted in Count II and that, if she fails to do so within 14 days, the Court dismiss the negligence claim.

The undersigned now concludes that the Court should strike the common-law negligence claim asserted in Count II of Plaintiff's Second Amended Complaint.

**Legal Standards**

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response," and "[t]he motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." FED. R. CIV. P. 12(e). "A motion for a more definite statement under Rule 12(e) is available where the pleading 'is so vague or ambiguous that the party cannot reasonably prepare a response.'" *Conceal City, L.L.C. v. Looper Law Enforcement, LLC*, 917 F. Supp. 2d 611, 621 (N.D. Tex. 2013) (quoting FED. R. CIV. P. 12(e)).

"Motions for a more definite statement are generally disfavored." *Johnson v. BAE Sys. Land & Armaments, L.P.*, No. 3:12-cv-1790-D, 2012 WL 5903780, at *4 (N.D. Tex. Nov. 26, 2012) (internal quotation marks omitted). "When a defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede [its] ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted." *Id.* (internal quotation marks omitted). The Court may strike a pleading or issue if an order to provide a more definite statement is not obeyed within 14 days or the time set by the Court. *See* FED.

R. CIV. P. 12(e)

## Analysis

In Count II, Plaintiff asserts a claim is for common-law negligence under the Texas Tort Claims Act ("TTCA"). To plead negligence under Texas law, a plaintiff must allege: (1) the existence of a legal duty owed by one person to another; (2) breach of that duty; and (3) damages proximately resulting from breach of that duty. *See Fed. Sav. & Loan Ins. Corp. v. Tex. Real Estate Counselors, Inc.*, 955 F.2d 261, 265 (5th Cir. 1992) (citing *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex. 1987)). Section 101.021 of the Texas Tort Claims Act ("TTCA") waives the sovereign immunity of governmental units for claims of "personal injury and death caused by a condition or use of tangible personal or real property." TEX. CIV. PRAC. & REM. CODE § 101.021(2). To state a claim under the TTCA based on the use of non-defective tangible personal property, the plaintiff must allege "(1) that the property was used or misused by a governmental employee acting within the scope of his or her employment, and (2) that the use or misuse of the property was a contributing factor to the injury. The negligence of the governmental employee must be the proximate cause of the injury and must involve a condition or use of tangible personal property under circumstances where there would be private liability." *Morin v. Moore*, 309 F.3d 316, 328 (5th Cir. 2002) (citation omitted).

In the Findings, Conclusions, and Recommendation on Defendants' first Rule 12(e) motion, the undersigned observed that "Plaintiff may not have sufficiently alleged any policy that might have governed the officer's actions in this case. The closest that

she comes is to allege that the officers should not stop the wrong car or a car that does not exactly match the description in the 911 call," but the undersigned recommended that the Court give Plaintiff an opportunity to amend her pleading. Dkt. No. 21 at 10-11 (citation omitted). And the Court accepted that recommendation. *See* Dkt. No. 22. And, in their second Rule 12(e) motion, Defendants argued that Plaintiff's theory of negligence was unclear because Defendants were unable to discern whether Plaintiff alleged that the City maintained negligent policies or that the John Roe Defendants negligently implemented or failed to implement the City's policies, or how the use of tangible personal property as defined by the TTCA applied to any policies. *See* Dkt. No. 25 at 4-5. And the Court granted that motion after Plaintiff failed to respond. *See* Dkt. No. 30.

Defendants now focus on two new paragraphs in Count II of Plaintiff's Second Amended Complaint, which allege alternate theories concerning the City's policies. *See* Dkt. Nos. 31 & 32 at 7-8 ¶¶ 32 & 33. In Paragraph 32, Plaintiff alleges that

> The City maintained a policy whereby it trained its officers that even though an eye witness gives a description of a vehicle or occupants of a vehicle alleged to have been involved in some criminal behavior, the City's employees could stop whatever car they wanted and treat the stop as a felony stop, draw weapons and handcuff occupants of a vehicle that neither matched the make, model or color of the vehicle described by an eye witness. Moreover, that policy allows for children to be placed at gun point even if the child did not fit the description of the eye witness.

*Id.* at 7 ¶ 32. In Paragraph 33, Plaintiff alleges that:

> In the alternative, [i]f the City alleges it had no such policy, Plaintiffs' allege that in the course of engaging in the conduct set forth herein, John Roes 1-4 negligently implemented the City's policies concerning the conduct of traffic stops. More specifically, John Roe 1 called for all

occupants of the vehicle to place their hands outside of the windows and you can clearly see that there is one adult and several young children hands, which did not match the description given by the eye witness. Nevertheless, Plaintiffs were ordered out of the car a[t] gun point and asked to walk backwards where Roe 1, handcuffed her and told Plaintiff a lie. Roe 1, told Plaintiff Barbour a lie. He said that they received a complaint with a vehicle that matched Plaintiff's vehicle and license plate. During this time, Minor Plaintiff John Doe was ordered out of the vehicle by Roe 2 with his hands up while guns were pointed at him. Roe 3 and 4 then approached the other children in the vehicle with guns drawn. The minor Does were terrified. Even after determining that the wrong vehicle was stopped, which should have been easily discovered based on the vehicle's make, model and color as well as the occupants within the vehicle, Roe 4 used his flashlight [to] search the inside of the vehicle and ask questions of the children to suggest there may have been something behind the television screens on the back of the front seats. In doing the aforementioned acts, Roes 1-4 used guns and handcuffs, which constitute tangible personal property.

*Id.* at 7-8 ¶ 33.

Defendants contend that these allegations are so vague and convoluted that they can neither amend their Answer and proceed with discovery nor file a motion to dismiss. Specifically, Defendants argue that Paragraph 32 contains no reference to any actual policy and does not state a theory of negligence, including any theory of negligence covered by the TTCA. Defendants argue that Paragraph 33 does not state a legal theory but instead is a recitation of alleged facts and impermissibly conclusory statements.

The Second Amended Complaint does not plead the requisite elements for negligence under the TTCA, and, after three attempts, the undersigned concludes that Plaintiff has failed to provide a more definite statement of her common-law negligence claim as the Court previously ordered and has failed to respond Defendants' motion

seeking to strike that claim.

Accordingly, the undersigned recommends that Plaintiff's claim for common-law negligence under the Texas Tort Claims Act be stricken and that the case proceed solely on Plaintiff's Section 1983 Claim.

## Recommendation

The Court should GRANT Defendants' Motion to Strike or, in the Alternative, Rule 12(e) Motion for More Definite Statement in Response to Plaintiff's Second Amended Complaint [Dkt. No. 35] and strike the common-law negligence claim under the Texas Tort Claims Act asserted in Count II of Plaintiff's Second Amended Complaint [Dkt. Nos. 31 & 32].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: December 9, 2015

                                      _____
                                      DAVID L. HORAN
                                      UNITED STATES MAGISTRATE JUDGE